IN RE:

| | |
|---|---|
| Karen A Fitzpatrick | CHAPTER 13 |
| | CASE NO: 08-70406 |
| Debtor(s) | JUDGE: Rhodes |

## FIRST APPLICATION FOR AWARD OF ADDITIONAL
## ATTORNEY FEES IN CH. 13 PROCEEDING PRECONFIRMATION

Ronald S Siegel, counsel for debtor, pursuant to LBR 2016-1 and 9014-1 (EDM), requests that the court approve an award for pre-confirmation attorney fees. Grounds are as follows:

1. By this application, counsel for debtor seeks approval for (a) compensation for legal services in the amount of $3,408.00; and (b) reimbursement for the advancement of expenses in the amount of $52.00. There is no balance of any retainer on deposit with counsel that remains after the payment of any prior fee awards.

2. The time period for which such services are sought is June 17, 2009 through November 25, 2009.

3. The services performed for which compensation is sought are set forth in Exhibit 5. The services rendered for, to and on behalf of the debtor were necessary to maximize the debtor's likelihood of successfully completing the Chapter 13 plan and receiving a discharge.

4. The services were not rendered in connection with an adversary proceeding.

5. The current status of the bankruptcy case is that without the services rendered successful completion of all plan requirements would have been difficult if not impossible. With the services rendered, the case will continue towards successful completion of all plan requirements, and the debtor has maximized his/her chances of successfully completing all plan requirements and obtaining a discharge. In addition, approval of this fee application will have no adverse impact on the timely completion of the plan, nor will it adversely impact any creditors.

6. It is difficult (if not impossible) to predict what (if any) services will be needed in the

future. It appears, however, that it will be necessary to continually monitor and review this case and take action on behalf of the debtor(s) periodically throughout the life of the case so as to maximize the likelihood that debtor will successfully complete all plan requirements and obtain a discharge.

7.    There are currently no unpaid administrative expenses in this case.

8.    Ronald S Siegel, counsel for debtor, is the only professional or paraprofessional who performed the services for which compensation is sought.

9.    This is the first request for post confirmation compensation; accordingly, there are no prior applications.The total fees approved to be paid to counsel for debtor prior to this current application was the sum of $0.00 and $0.00 for expenses for a total of $0.00 paid directly by the debtor or through the Chapter 13 plan by the Chapter 13 Trustee.

10.   Debtor has been provided with a copy of this application seven (7) days prior to the filing of this application (and therefore has had an opportunity to review the application), and has been requested to concur with the fees and expenses requested. A copy of the request for concurrence is attached as Exhibit 8. If concurrence has been received by counsel for debtor prior to the filing of this application, it is attached hereto as exhibit 9; otherwise exhibit 9 is the unsigned concurrence that was sent to the debtor.

WHEREFORE, counsel for debtor petitions this court for payment of post confirmation attorney fees and costs as an administrative claim through the Chapter 13 Plan in the amount of $3,460.00 for a total compensation of $3,460.00, counsel for debtor having previously been approved fees in the amount of $0.00.

Dated: December 3, 2009

/s/ Ronald S Siegel
Ronald  S Siegel (P34082)
RONALD S SIEGEL, PC
30150 Telegraph Rd Ste 444
Bingham Farms MI 48025
248.646.4600
ron@siegelpc.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION-DETROIT

IN RE:

Karen A Fitzpatrick                          CHAPTER     13
                                             CASE NO:    08-70406
          Debtor(s)                          JUDGE:      Rhodes

---

### ORDER APPROVING FEE APPLICATION

     This matter having come before the Court upon the application of Ronald S. Siegel, all interested parties having been served with notice of the application and the provisions of LBR 2016-2 having been met, no objections to the application having been received and a certification having been filed, and the court being otherwise fully advised in the premises;

IT IS HEREBY ORDERED:

1.    The court approves applicant's fees and expenses as follows:

| | | |
|---|---|---|
| PRIOR AWARD(S) FOR FEES: | $0.00 | |
| PRIOR AWARD(S) FOR COSTS: | $0.00 | |
| TOTAL AWARD TO DATE: | | $0.00 |
| | | |
| THIS AWARD FOR FEES: | $3,408.00 | |
| THIS AWARD FOR COSTS: | $52.00 | |
| TOTAL THIS AWARD: | | $3,460.00 |
| | | |
| GRAND TOTAL FEES AND COSTS | | $3,460.00 |
| | | |
| AMOUNT PAID DIRECTLY BY DEBTOR | | $ 0.00 |
| | | |
| BALANCE TO BE PAID FROM CH. 13 PLAN | | $3,460.00 |

2.    This award covers services rendered and expenses incurred during the time period of June 17, 2009 through November 25, 2009.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION-DETROIT

IN RE:

Karen A Fitzpatrick

|  | CHAPTER | 13 |
|---|---|---|
| Debtor(s) | CASE NO: | 08-70406 |
|  | JUDGE: | Rhodes |

**EXHIBIT 2 - COPY OF ORDER APPROVING EMPLOYMENT OF APPLICANT**

This exhibit is inapplicable as no order approving the employment of Ronald S Siegel, PC was required or entered by the court.

# United States Bankruptcy Court
## Eastern District of Michigan

| | | | |
|---|---|---|---|
| In re | **Karen A Fitzpatrick** | Case No. | **08-70406** |
| | Debtor(s) | Chapter | **13** |

### AMENDED STATEMENT OF ATTORNEY FOR DEBTOR(S) PURSUANT TO F.R.BANKR.P. 2016(b)

The undersigned, pursuant to F.R.Bankr.P. 2016(b), states that:

1. The undersigned is the attorney for the Debtor(s) in this case.

2. The compensation paid or agreed to be paid by the Debtor(s) to the undersigned is: [Check one]

[ ]   **FLAT FEE**

A. For legal services rendered in contemplation of and in connection with this case, exclusive of the filing fee paid . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **3,000.00**

B. Prior to filing this statement, received . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **0.00**

C. The unpaid balance due and payable is . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **3,000.00**

D. The total charge for Attorney fees and costs up to and including confirmation hearing may exceed the flat fee stated in 2.A. If the total fees and costs expended on your behalf exceed the flat fee stated in A, then an Application for Attorney Fees will be filed with the court and you will be provided with notice and the opportunity to review the fees and object. Circumstances which can lead to **Ronald S. Siegel, PC** electing to file a fee application include, but are not limited to, missed or additional hearings, objections to proof of claims, objections to Plans, motions for relief from stay, and other factors that **Ronald S. Siegel, PC** may not be able to anticipate at the time of consultation and/or preparation of documents.

The flat rate does NOT include any work performed on your behalf post-confirmation. Work performed on your behalf after the confirmation of your case will be billed at an hourly rate (see B. below) and an Application for Attorney Fees will be filed with the court and you will be provided with notice and the opportunity to review the fees and object.

Attorney fees are non-contingent based. In the event of early termination of case via dismissal, voluntary dismissal, case conversion, etc. an Application for Attorney Fees will be filed with the court for work performed.

[ ]   **RETAINER**

A. Amount of retainer received . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

B. The undersigned shall bill against the retainer at an hourly rate of $_____. [Or attach firm hourly rate schedule.] Debtor(s) have agreed to pay all Court approved fees and expenses exceeding the amount of the retainer. The above rate shall be effective whenever **Ronald S. Siegel, PC** elects to file a fee application pursuant to the circumstances described in Paragraph 2.D. above.

[ **X** ]   **RETAINER/FLAT FEE BLEND**

A. Pursuant to retainer agreement

The client agrees to compensate **Ronald S Siegel** in such amount as is approved by the Bankruptcy Court in accordance with the terms and conditions of the Chapter 13 Plan. The minimum fee for services in connection with a confirmed chapter 13 Plan shall be **$3,000.00** based upon the hourly rate of the services performed by the Firm. The actual fee shall be that which is approved by the court subject to the minimum charged of **$3,000.00** and if the time devoted to such tasks exceeds **$3,000.00**, then the fee shall be such amount based upon the hourly charges for the services performed subject to approval by the Court.

B. Agreed fee (subject to hourly billing if fees exceed **$3,000.00**)                **3,000.00**

Fees received prior to the case                                                                    **0.00**

Balance due (subject to hourly billing if the fee exceeds (**$3,000.00**)        **3,000.00**

**HOURLY RATE: The undersigned attorney shall bill against the retainer at an hourly rate of $240.00, subject to annual increases. Debtor(s) agree to pay all court approved fees and expenses exceeding the retainer.**

3. $  **299.00**   of the filing fee has been paid.

4. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:  [Cross out any that do not apply.]

Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037                                                        Best Case Bankruptcy

A.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

B.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;

C.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

D.  ~~Representation of the debtor in adversary proceedings and other contested bankruptcy matters;~~

E.  Reaffirmations;

F.  Redemptions;

G.  Other:

5.  By agreement with the debtor(s), the above-disclosed fee does not include the following services:

**(A) Attendance at any hearing on the valuation of property;**
**(B) Attendance at any adjourned or additional Section 341 creditors' meetings;**
**(C) Attendance at any hearing on a motion seeking extension, termination or modification of the bankruptcy stay;**
**(D) Attendance at any Section 2004 examinations;**
**(E) Attendance or representation of you in any adversarial proceedings;**
**(F) Discovery or attendance at any examinations regarding any debts of the client;**
**(G) Work related to a motion to dismiss filed by the Trustee or a creditor;**
**(H) Work related to "stripping" a lien, either by way of adversarial proceedings or otherwise;**
**(I) Any and all post confirmation work and/or services for, to or on your behalf;**
**(J) Any other work not specifically set forth in the paragraph above that sets forth what the included services are; or**
**(K) The costs or time associated with obtaining the credit counseling certificate or completion of the statutorily required debtor education course, both of which are requirements to obtaining a discharge in the bankruptcy case.**

**If any of the foregoing excluded services are sought by the debtor(s), then such services shall be billed to you at our normal hourly rate plus any reimburseable expenses. The current hourly rate for such excluded services is $240.00 per hour, to be billed in minimum increments of one-tenth (.1) per hour. Further, depending upon the nature of the foregoing work, we may require the payment in advance of a retainer against hourly charges. In such circumstance, you will be advised of the amount of the retainer required.**

**Specifically, with regard to representation in any adversarial proceeding filed by a creditor or litigation filed by the Trustee, Ronald S Siegel must be separately retained in writing; otherwise, Ronald S Siegel shall not represent the client with regard to such proceeding, unless mandated by the local bankruptcy rules of the district.**

6.  The source of payments to the undersigned was from:

A.  __XX__  Debtor(s)' earnings, wages, compensation for services performed

B.  _____  Other (describe, including the identity of payor)  _____

7.  The undersigned has not shared or agreed to share, with any other person, other than with members of the undersigned's law firm or corporation, any compensation paid or to be paid except as follows:

Dated:  **September 16, 2009** _____

**/s/ Ronald S Siegel** _____
Attorney for the Debtor(s)
**Ronald S Siegel P34082**
**Ronald S. Siegel, PC**
**30150 Telegraph Rd Ste 444**
**Bingham Farms, MI 48025**
**248.646.4600 ron@siegelpc.com**

Agreed:  **/s/ Karen A Fitzpatrick** _____
**Karen A Fitzpatrick**
Debtor

_____
Debtor

**EXHIBIT 4**
**SUMMARY STATEMENT OF NUMBER OF HOURS BY EACH**
**ATTORNEY AND HOURLY RATE OF SERVICES PERFORMED**

| ATTORNEY | NO. OF HOURS SERVICES PERFORMED | HOURLY RATE |
|----------|--------------------------------|-------------|
| RSS | 14.2 | $240.00/hour |

RSS = Ronald S. Siegel

LAW OFFICES

# RONALD S. SIEGEL

PROFESSIONAL CORPORATION

ATTORNEYS AND COUNSELORS
30150 TELEGRAPH ROAD, SUITE 444
BINGHAM FARMS, MICHIGAN 48025-4549

ALSO MEMBER OF
NEW YORK BAR

OF COUNSEL
RANDALL ROSS

TELEPHONE (248) 646-4600
FACSIMILE (248) 282-0488
E-MAIL: ron@siegelpc.com

STATEMENT FOR PROFESSIONAL SERVICES

November 25, 2009

Karen Fitzpatrick
508 N Alexander
Royal Oak, MI 48067

**Re:**

| | | | Hours | Amount |
|---|---|---|---|---|
| 6/17/2009 | RSS | telephone conference with Karen re: whether she wants to convert to Ch 13 in light of court's ruling granting US Trustee Motion to Dismiss | 0.20 | 48.00 |
| | RSS | prepare Motion to Convert to Ch 13, notice, certificate | 0.60 | 144.00 |
| 7/1/2009 | RSS | telephone conference with Karen re: her intent to negotiate directly with creditors, and whether she wants to move forward | 0.20 | 48.00 |
| | RSS | review email instruction from Karen to move forward with Ch 13 | 0.10 | 24.00 |
| 7/22/2009 | RSS | telephone conference with Karen | 0.10 | 24.00 |
| | RSS | prepare Certification of No Response to Motion to Convert | 0.20 | 48.00 |
| | RSS | telephone conference with Karen's divorce lawyer re: lifting stay to allow entry of judgment of divorce | 0.20 | 48.00 |
| | RSS | telephone conference with Mark Fitzpatrick's lawyer re stipulation to lift stay to allow entry of judgment of divorce | 0.20 | 48.00 |
| | RSS | prepare stipulation and order lifting stay to allow for entry of judgment of divorce | 0.60 | 144.00 |
| 9/14/2009 | RSS | telephone conference with Karen: her instructing me to go forward with Ch 13 and submit order converting | 0.20 | 48.00 |
| | RSS | prepare Order Converting to Ch 13 | 0.20 | 48.00 |
| | RSS | review Karen's recent paystubs for preparation of Amended Schedules and plan | 1.00 | 240.00 |
| 9/15/2009 | RSS | review Notice of Ch 13 Case | 0.10 | 24.00 |

Statement reflects payments made through the end of the previous month.

Balance due per terms of retainer agreement.

STATEMENT FOR PROFESSIONAL SERVICES (CONTINUED)

Karen Fitzpatrick

| | | | Hours | Amount |
|---|---|---|---|---|
| 9/15/2009 | RSS | correspondence to Karen re: the notice of Ch 13; explaining requirements for tax returns, paystubs, explanation of creditor meeting and confirmation hearing; explanation of other requirements | 1.00 | 240.00 |
| 9/16/2009 | RSS | prepare Statement of Change of Mailing Address of Debtor | 0.10 | 24.00 |
| | RSS | prepare Ch 13 Plan | 1.00 | 240.00 |
| | RSS | prepare Amended Schedules I & J to reflect current income and expenses for purposes of preparing Ch 13 plan, Coversheet, Affirmation, Certificate of Service | 0.50 | 120.00 |
| | RSS | meeting with client to sign Amended Schedules, Plan, Notice of Address Change | 0.60 | 144.00 |
| | RSS | prepare Ch 13 Means Test | 0.50 | 120.00 |
| 10/2/2009 | RSS | review Proof of Claim of Chase Bank | 0.20 | 48.00 |
| 10/5/2009 | RSS | prepare correspondence to Ch 13 Trustee submitting Karen's paystubs and tax returns | 0.10 | 24.00 |
| | RSS | prepare certificates of compliance for submission of debtors' tax returns and paystubs to trustee | 0.30 | 72.00 |
| 10/8/2009 | RSS | review proof of claim of Aurora Loan Services | 0.20 | 48.00 |
| 10/15/2009 | RSS | review Trustee's 341 Status Sheet | 0.40 | 96.00 |
| | RSS | correspondence to Karen attaching Trustee's 341 status sheet and need to discuss | 0.20 | 48.00 |
| | RSS | telephone conference with Karen to discuss questions/comments on 341 status sheet to prepare for 341 meeting | 0.50 | 120.00 |
| 10/22/2009 | RSS | prepare for 341 meeting; review file and status sheet, as well as Karen's responses | 0.50 | 120.00 |
| 10/23/2009 | RSS | attend 341 meeting | 1.30 | 312.00 |
| 11/4/2009 | RSS | review Trustee Objections to Confirmation | 0.20 | 48.00 |
| | RSS | correspondence to Karen attaching copy of Trustee objections and need to discuss | 0.20 | 48.00 |
| 11/6/2009 | RSS | telephone conference with Karen to discuss Trustee objections | 0.20 | 48.00 |
| | RSS | telephone conference with Karen's divorce attorney to obtain copy of judgment of divorce, per Trustee's objections | 0.20 | 48.00 |

Statement reflects payments made through the end of the previous month.

Balance due per terms of retainer agreement.

STATEMENT FOR PROFESSIONAL SERVICES (CONTINUED)

Karen Fitzpatrick                                                                              Page   3

| Date | | Description | Hours | Amount |
|------|--|-------------|-------|--------|
| 11/16/2009 | RSS | review Karen's email with Mark's address for inclusion on Amended Schedule E, per Trustee's objections | 0.10 | 24.00 |
| | RSS | prepare Coversheet, Amended Schedule E, Affirmation; email same to Karen | 0.40 | 96.00 |
| | RSS | prepare Amended Plan to include priority domestic support obligation | 0.30 | 72.00 |
| 11/19/2009 | RSS | telephone conference with Karen; she is going to be near office and wants to come by to sign amendments | 0.10 | 24.00 |
| | RSS | meeting with client to sign amendments | 0.20 | 48.00 |
| 11/20/2009 | RSS | prepare written response to Trustee objection | 0.50 | 120.00 |
| | RSS | prepare confirmation hearing certificate | 0.20 | 48.00 |
| | RSS | prepare proposed Order Confirming Plan | 0.30 | 72.00 |
| | | For professional services rendered | 14.20 | $3,408.00 |

Additional Charges :

| Date | Description | Amount |
|------|-------------|--------|
| 6/17/2009 | postage | 13.20 |
| | photocopying charge | 12.80 |
| 11/20/2009 | filing fee for amending Schedule E | 26.00 |
| | Total costs | $52.00 |
| | Total amount of this bill | $3,460.00 |
| | Balance due | $3,460.00 |

Statement reflects payments made through the end of the previous month.

Balance due per terms of retainer agreement.

**EXHIBIT 6**
**BIOGRAPHICAL STATEMENT PURSUANT TO 11 USC § 327(A), LBR 2016-2**

Ronald S. Siegel is President and sole shareholder in Ronald S. Siegel, P.C. He has been a member of the bar since 1979, and has practiced bankruptcy law for 24 years. He attended the University of Michigan undergraduate, receiving his Bachelor's degree in 1974. He graduated *cum laude* from the Cumberland School of Law at Samford University in 1978, where he was Articles Editor for the American Journal of Trial Advocacy. He is a member of the Consumer Bankruptcy Association, as well as a member of the National Association of Consumer Bankruptcy Attorneys. He is a member of the New York bar as well as a member of the U.S. District Court for the Eastern District of Michigan, Western District of Michigan, Southern District of New York and Eastern District of New York. He practices before all judges in the Eastern District of Michigan.

**EXHIBIT 7**
**ITEMIZED STATEMENT FOR REIMBURSEMENT OF EXPENSES**

See Exhibit 5 (Itemized Time Statement), which sets forth an itemization of the expenses, including the dates such expenses were incurred.

LAW OFFICES

# RONALD S. SIEGEL

PROFESSIONAL CORPORATION
ATTORNEYS AND COUNSELORS
30150 TELEGRAPH ROAD SUITE 444
BINGHAM FARMS MICHIGAN 48025-4549

Telephone 248.646.4600
Facsimile 248.282.0488
e-mail: ron@siegelpc.com

ALSO MEMBER OF
NEW YORK BAR

OF COUNSEL
RANDALL ROSS

November 25, 2009

Karen  Fitzpatrick
508 N Alexander
Royal Oak MI 48067


**Re:     Chapter 13**
**Case No. 08-70406**
**Application for Compensation**

Dear Karen:

    Enclosed is the Application for Compensation that I have prepared for filing in your case based on the legal services that I have provided. Under Local Bankruptcy Rule 2016 (a)(10), I am required to request your concurrence to the payment of these fees out of the funds that you pay to the Chapter 13 Trustee.

    Please sign the enclosed Statement of Concurrence and return it to our office immediately so that we can file it with the court. If I do not hear back from you, I will file the Application for Compensation on or after seven (7) days after the date of this letter.

    If you have any questions, please contact me.  Thank you.

Sincerely,

RONALD S. SIEGEL, P.C.

Ronald S. Siegel

RSS/lfw
enclosures

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION-DETROIT

IN RE:

Karen A Fitzpatrick                          CHAPTER      13
                                             CASE NO:     08-70406
_____ Debtor(s) _____                JUDGE:       Rhodes

## STATEMENT OF CONCURRENCE BY DEBTOR

Karen A Fitzpatrick states and affirms that he/she received the First Application for Award of Additional Attorney Fees in Chapter 13 Proceeding Post Confirmation filed by Ronald S Siegel of Ronald S Siegel, PC and that he/she concurs with the payment of the requested fees.

Specifically, I, the debtor, understand that

1.    I do not have to sign this document unless I agree with it.
2.    I signed this document on the date stated below.
3.    When I signed this document, all the blanks were filled in.
4.    I agree that the fees and expenses requested should be allowed.

Dated:: _____          _____
                                            Karen A Fitzpatrick

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION-DETROIT

IN RE:

Karen A Fitzpatrick

_____Debtor(s)_____

CHAPTER     13
CASE NO:    08-70406
JUDGE:      Rhodes

**PROOF OF SERVICE -- REQUEST FOR CONCURRENCE**

Ronald S Siegel, being sworn, deposes and says that on November 25, 2009, a date that is at least seven days prior to the date of the filing of this application for fees (or sooner if the debtor concurred), he mailed to the debtor, at the address listed below, the attached request for concurrence with the fees and expenses requested as well as a copy of the fee application itself for review and approval.

Dated: December 3, 2009

/s/ Ronald S Siegel
Ronald S Siegel (P34082)
RONALD S SIEGEL, PC
30150 Telegraph Rd Ste 444
Bingham Farms MI 48025
248.646.4600
ron@siegelpc.com

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION-DETROIT

IN RE:

Karen A Fitzpatrick

_____
Debtor(s)

CHAPTER     13
CASE NO:    08-70406
JUDGE:      Rhodes

**NOTICE OF FIRST APPLICATION FOR AWARD OF ADDITIONAL ATTORNEY FEES**

Notice is hereby given that the following professional person(s) have made application to the Bankruptcy Court for allowance of fees and expenses as listed below:

| Fees Requested | Expenses Requested | Balance of Retainer on Deposit with Applicant |
|---|---|---|
| $3,408.00 | $52.00 | $0.00 |

**Your rights may be affected**. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)

PLEASE NOTE: The application is available for public scrutiny at the United States Bankruptcy Court Clerk's Office, 211 W. Fort St., 17th Floor, Detroit MI 48226, Monday through Friday, from 9:00 a.m. to 4:00 p.m. No hearing will be set before the Court unless a written objection to this application is timely filed with the Clerk of the Bankruptcy Court. If you have any objection, you have twenty (20) days from the date of service of this notice in which to file such written objection. In the event an objection is filed, a subsequent notice will be sent to you of the date, time, and location of the hearing on the objection.

If you do not want the court to award these additional attorney fees or if you want the court to consider your views on the fee application, within 21 days from the date of service you or your attorney must:

1.      File with the court a written response or an answer, explaining your position, at United States Bankruptcy Court, Clerk's Office 211 W. Fort St., 21st Floor, Detroit MI 48226*

        If you mail your response to the court for filing, you must mail it early enough so that the court will receive it on or before the date stated above

        You must also mail a copy to Ronald S. Siegel
                                    30150 Telegraph Rd Ste 444
                                    Bingham Farms MI 48025

                                    and

                                    Krispen Carroll
                                    Standing Chapter 13 Trustee
                                    719 Griswold Ave Ste 1100
                                    Detroit, MI 48226

2.      If a response or answer is timely filed and served, the clerk will schedule a hearing on the application and you will be served with a notice of the date, time and location of the hearing.

If you or your attorney do not take these steps, the court may decide that you do not oppose the

relief sought in the motion and may enter an order granting that relief.

Dated: December 3, 2009

/s/ Ronald S Siegel
Ronald S Siegel (P34082)
RONALD S SIEGEL, PC
30150 Telegraph Rd Ste 444
Bingham Farms MI 48025
248.646.4600
ron@siegelpc.com

Notice Served: December 3, 2009

*Response or answer must comply with FR Civ P 8(b), (c) and (e)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION-DETROIT

IN RE:

| | |
|---|---|
| Karen A Fitzpatrick | CHAPTER 13 |
| | CASE NO: 08-70406 |
| Debtor(s) | JUDGE: Rhodes |

### CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2009 I electronically filed the First Application for Award of Additional Attorney Fees, along with the proposed order and other exhibits with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Krispen Carroll, notice@det13ksc.com

and I hereby certify that I mailed, by United States Postal Service, the paper(s) to the following non-ECF participants:

Karen A Fitzpatrick, 508 N Alexander, Royal Oak MI 48067

Dated: December 3, 2009

/s/ Ronald S Siegel
Ronald S Siegel (P34082)
RONALD S SIEGEL, PC
30150 Telegraph Rd Ste 444
Bingham Farms MI 48025
248.646.4600
ron@siegelpc.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION-DETROIT

IN RE:

Karen A Fitzpatrick

       Debtor(s)

CHAPTER    13
CASE NO:    08-70406
JUDGE:    Rhodes

**CERTIFICATE OF SERVICE**

    I hereby certify that on December 3, 2009 I electronically filed the Notice to Creditors of First Application for Award of Additional Attorney Fees using the ECF system which will send notification of such filing to the following:

Krispen Carroll, notice@det13ksc.com

and I hereby certify that I have mailed, by United States Postal Service, the paper(s) to the following non-ECF participants:

all persons/entities listed on the attached matrix downloaded from PACER on December 3, 2009

Dated: December 3, 2009

/s/ Ronald S Siegel
Ronald S Siegel (P34082)
RONALD S SIEGEL, PC
30150 Telegraph Rd Ste 444
Bingham Farms MI 48025
248.646.4600
ron@siegelpc.com

Label Matrix for local noticing
0645-2
Case 08-70406-swr
Eastern District of Michigan
Detroit
Thu Dec  3 09:09:12 EST 2009

Athena J. Aitas
31440 Northwestern Highway
Suite 200
Farmington Hills, MI 48334-5422

Aurora Loan Services
10350 Park Meadows
Littleton, CO 80124-6800

Aurora Loan Services
Attn: Bankruptcy
PO Box 1706
Scottsbluff, NE 69363-1706

Aurora Loan Services LLC.
10350 Park Meadows Drive
Littleton, CO 80124-6800

Capital 1 Bank
Attn: C/O TSYS Debt Management
Po Box 5155
Norcross, GA 30091-5155

Capital One
PO Box 6492
Carol Stream, IL 60197-6492

Cardmember Service
PO Box 94014
Palatine, IL 60094-4014

Krispen S. Carroll
719 Griswold
1100 Dime Building
Detroit, MI 48226

Chase
Attn: Bankruptcy Dept
Po Box 100018
Kennesaw, GA 30156-9204

Chase - Cc
Attention:  Banktruptcy Department
Po Box 15298
Wilmintgon, DE 19850-5298

Chase Bank USA,N.A
c/o Creditors Bankruptcy Service
P O Box 740933
Dallas,Tx 75374-0933

Heather M. Dickow
P.O. Box 5041
Troy, MI 48007-5041

Karen A Fitzpatrick
508 N. Alexander
Royal Oak, MI 48067-1990

Marcy J. Ford
31440 Northwestern Highway
Suite 200
Farmington Hills, MI 48334-5422

Jill M. Gies
211 W. Fort St.
Ste. 700
Detroit, MI 48226-3263

Kohl's Payment Center
PO Box 2983
Milwaukee, WI 53201-2983

Kohls
Attn:  Recovery
Po Box 3120
Milwaukee, WI 53201-3120

Marcy J. Ford
Trott and Trott
31440 Northwestern Highway Ste 200
Farmington Hills, MI 48334-5422

Mark Fitzpatrick
321 Woodsboro
Royal Oak, MI 48067-1210

Mark Fitzpatrick
5836 Northfield Parkway
Troy MI 48098-5124

Heather D. McGivern
1650 West Big Beaver Road
Troy, MI 48084-3534

Orlans Associates, P.C.
P.O. Box 5041
Troy, MI 48007-5041

Pro Bancrp
Po Box 9180
Pleasanton, CA 94566

Recovery Management Systems Corporation
25 S.E. 2nd Avenue, Suite 1120
Miami, FL 33131-1605

Kimberly Redd
Redd & Rao PLC
24100 Southfield Road
Suite 320
Southfield, MI 48075-2865

Lawrence G. Reinhold
525 Rocky Hollow Drive
Akron, OH 44313-5945

Ronald S Siegel
30150 Telegraph Rd Ste 444
Bingham Farms MI 48025-4549

(p)WACHOVIA BANK NA
PO BOX 13765
ROANOKE VA 24037-3765

Wachovia Mortgage, Fsb
PO Box 3008
Raleigh, NC 27602-3008

Wachovia Mtg.
Servicing and Operation Division
Nc4717
1100 Corporate Center Drive
1100 Corp. Center Drive
Raleigh, NC  27607-5066


The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


Wachovia Mortgage Corp
PO Box 96001
Charlotte, NC 28296


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)Aurora Loan Services LLC. as servicing age     (u)Chase Bank USA, N.A.                    (u)Daniel M. McDermott


(u)US Bank National Association as Trustee         (u)Wachovia Mortgage Corporation           (u)Wachovia, by and through its attorneys


(u)Wells Fargo Bank, NA as servicer for US Ba     End of Label Matrix
                                                  Mailable recipients    30
                                                  Bypassed recipients     7
                                                  Total                  37